**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1598**

_____

In re:  EMORY TAYLOR CHILES,

          Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the Northern District of West Virginia, at Clarksburg.  (1:18-cr-00007-TSK-MJA-1; 1:20-cv-00080-TSK)

_____

Submitted:  September 12, 2024          Decided:  September 16, 2024

_____

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Emory Taylor Chiles, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emory Chiles petitions for a writ of mandamus seeking an order from this court declaring his criminal judgment invalid or ordering the district court to do so.[*]  We conclude that Chiles is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires."  *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

In support of his petition for a writ of mandamus, Chiles alleges that there were defects in the grand jury process, that the district court lacked jurisdiction over his criminal proceeding, and that his convictions are void.  We find that Chiles has not established that he has no available remedy other than mandamus relief.  Rather, Chiles may raise these claims in a 28 U.S.C. § 2255 motion filed in the district court or in a motion pursuant to Fed. R. Civ. P. 60(b).  Because Chiles has not shown that he has a clear right to the relief he seeks and because Chiles has other means to attain the relief he seeks—and in fact has filed in the district court a Rule 60(b) motion in which he raised these same claims—we conclude that mandamus relief is not warranted.

---

[*] To the extent that Chiles claims that the district court has delayed in ruling on his Fed. R. Civ. P. 60(b) motions, the present record does not reveal undue delay.

2

Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*